UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JANICE TUPPER,

Plaintiff,

-against-

AETNA HEALTH, INC. (a New Jersey corporation) d/b/a AETNA BETTER HEALTH OF NEW JERSEY,

Defendant.

Civil action no.: ________________

**COMPLAINT**

Plaintiff, appearing *pro se*, respectfully files this Complaint against Defendant AETNA HEALTH INC. d/b/a AETNA BETTER HEALTH OF NEW JERSEY ("Aetna"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought to remedy systemic statutory, constitutional, and tortious violations committed by Defendant Aetna against Plaintiff from late 2022 through February 12, 2026.

2. Plaintiff, a qualified individual with a disability, was enrolled in New Jersey's Managed Long Term Services and Supports ("MLTSS") Medicaid program administered by Defendant.

3. Despite Plaintiff's repeated requests to transition back to the community, Defendant systematically isolated, institutionalized, and stonewalled Plaintiff in assisted living facilities.

4. Defendant cut off or denied critical transition benefits without procedural due process, using Plaintiff's temporary, self-funded flight to a hotel as a pretext for total abandonment.

5. Furthermore, Defendant engaged in unlawful disparate treatment, prioritizing housing and community-based resources for non-white and illegal immigrant individuals while denying identical resources to Plaintiff.

6. As a direct result of Defendant's actions, Plaintiff suffered severe physical deterioration, permanent personal injuries from prolonged inappropriate institutional confinement, and profound financial losses.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States.

8. This Court has supplemental jurisdiction over Plaintiff's New Jersey state law claims pursuant to 28 U.S.C. § 1367(a), because the state claims are so related to the federal claims that they form part of the same case or controversy.

9. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), because Defendant is a corporation doing business in New Jersey, and a substantial part of the events, acts, and omissions giving rise to these claims occurred within this judicial district.

## PARTIES

10. Plaintiff, JANICE TUPPER, is an individual residing at 301 Village Drive, Apt. 483, King of Prussia, Pennsylvania 19406, and was at all times relevant a resident of the State of New Jersey and an enrollee in the Aetna Family Care Medicaid MLTSS program.

11. Defendant Aetna Health Inc., d/b/a Aetna Better Health of New Jersey, is a New Jersey corporation with its principal New Jersey place of business located 3 Independence Way, Suite 400, Princeton, NJ 08540. At all times relevant, Defendant was a state-contracted Managed

Care Organization ("MCO") delegated the public function of administering Medicaid MLTSS benefits on behalf of the State of New Jersey, receiving federal financial assistance to do so.

## FACTUAL ALLEGATIONS

**Disability Status and Enrollment**

12. Plaintiff is a qualified individual with a disability under the ADA and Rehabilitation Act, suffering from polyneuropathy, which substantially limit major life activities.

13. In approximately late 2022, Plaintiff was enrolled in Defendant's Aetna Family Care Medicaid policy and immediately categorized as requiring Managed Long Term Services and Supports (MLTSS).

**Unlawful Institutional Confinement and Stonewalling**

14. From late 2022 until February 12, 2026, Plaintiff was confined to various assisted living facilities, including Atria Senior Living, Spring Hills Sub-Acute, Green Hill Assisted Living, Spring Grove Rehabilitation, Mountainside Skilled Nursing, Cranford Park Care and Warren Haven of Oxford.

15. Throughout the entirety of this period, Plaintiff repeatedly begged Defendant's care managers and designated "housing specialists" to fulfill their statutory mandates and assist Plaintiff in transitioning back to an independent community setting.

16. Despite these continuous, explicit requests, Defendant's agents failed to perform person-centered care planning, failed to utilize transition funds (such as Money Follows the Person or state transition care funds), and completely stonewalled Plaintiff's transition efforts.

**Constructive Eviction, "Escape," and Due Process Deficiencies**

17. Due to Defendant's absolute failure to provide community transition assistance, Plaintiff was forced to save meager personal funds to attempt self-discharge.

18. On multiple occasions, Plaintiff self-discharged and sought temporary shelter in local hotels as a mitigation strategy until employment and stable apartments could be finalized.

19. Whenever Plaintiff requested MLTSS community benefits while temporarily staying in a hotel, Defendant's caseworkers verbally responded that because Plaintiff was in a hotel, Defendant would not provide any transition or community-based benefits.

20. Defendant terminated, suspended, or denied Plaintiff's requested MLTSS benefits without issuing a formal, written Notice of Action, thereby depriving Plaintiff of the opportunity to seek a New Jersey Medicaid Fair Hearing.

**Exhaustion of Administrative Remedies and Continued Defendant Abandonment**

21. On July 22, 2026, Plaintiff filed a formal, written Post-Service Internal Appeal and Grievance directly to Defendant Aetna Better Health of New Jersey via their designated appeals portal (**Exhibit A**), explicitly challenging Defendant's systemic failure to execute Plaintiff's MLTSS community transition plan and demanding retroactive financial reimbursement of $20,676.80 for out-of-pocket costs forced by Defendant's non-performance. A true and correct copy of this formal administrative appeal is attached hereto as Exhibit A.

22. Despite receiving Plaintiff's formal Appeal, and despite Plaintiff subsequently following up with Defendant's Grievance and Appeals department on at least two separate occasions to secure a resolution, Defendant completely ignored Plaintiff's filings, failed to issue any written decision within the contractually or regulatory mandated 30-day timeframe, and completely stonewalled the administrative review process.

23. Defendant's absolute administrative silence and refusal to respond to Exhibit A effectively rendered any further internal or state administrative remedies entirely futile,

establishing that Plaintiff has exhausted all viable administrative avenues prior to initiating this action.

**Physical Injuries and Severe Deterioration**

24. Due to the prolonged, unnecessary institutional confinement in an inappropriate setting, Plaintiff suffered severe physical deterioration.

25. Plaintiff's body became decrepit, developing, including but not limited to, accelerated polyneuropathy, severe joint contractures, muscle atrophy and exacerbated mental inflictions, from being forced to remain in an assisted living facility bed without adequate restorative care, only allowed outside for highly limited cigarette privileges, or the independence of community living.

**Racial Bias and Disparate Treatment**

26. During the relevant period from late 2022 to February 12, 2026, Defendant implemented a dual system of benefit allocation that discriminated against Plaintiff on the basis of race.

27. While Plaintiff was systematically denied transition housing resources and stonewalled by caseworkers, Defendant actively authorized and provided community housing placements and transition benefits to similarly situated non-white enrollees and to illegal immigrants.

28. Defendant's allocation of public MLTSS community-based resources was motivated by intentional racial bias, directly causing Plaintiff to remain institutionalized far longer than non-white peers.

## CAUSES OF ACTION

### COUNT I
### Violation of Title II of the Americans with Disabilities Act (42 U.S.C. § 12132) and

**Section 504 of the Rehabilitation Act (29 U.S.C. § 794)**
*(Failure to Integrate / Olmstead Mandate)*

29. Plaintiff realleges and incorporates by reference all preceding paragraphs.

30. Defendant Aetna administers a public program and receives federal financial assistance, subjecting it to the mandates of Title II of the ADA and Section 504 of the Rehabilitation Act.

31. Under the ADA's integration mandate, Defendant is required to administer its services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities.

32. Plaintiff was qualified for and explicitly desired community-based placement, and medical professionals did not oppose such placement.

33. Defendant violated the ADA and Rehabilitation Act by failing to provide reasonable accommodations, failing to provide community transition services, and unnecessarily institutionalizing Plaintiff in a restrictive setting for over three years.

**COUNT II**
**Violation of 42 U.S.C. § 1983**
*(Procedural Due Process)*

34. Plaintiff realleges and incorporates by reference all preceding paragraphs.

35. Defendant Aetna, as a state-contracted MCO managing public Medicaid funds and benefits, acted under color of state law under the public function and joint action tests.

36. Plaintiff possessed a constitutionally protected property interest in the receipt of Medicaid MLTSS benefits and community transition assistance.

37. Defendant deprived Plaintiff of this property interest without due process of law by verbally terminating or denying benefits while Plaintiff was temporarily in a hotel, without

providing written notice, a statement of reasons, or an opportunity for a administrative Fair Hearing.

**COUNT III**
**Violation of Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d) and Section 1557 of the Affordable Care Act (42 U.S.C. § 18116)**
*(Race Discrimination / Disparate Treatment)*

38. Plaintiff realleges and incorporates by reference all preceding paragraphs.

39. Defendant is a recipient of federal financial assistance under the Medicaid program and a health program provider under Section 1557 of the ACA.

40. Defendant engaged in intentional, disparate treatment by allocating housing specialists, community placements, and transition resources preferentially to non-white enrollees while denying the same to Plaintiff, who was similarly situated, and to illegal immigrants.

41. As a direct result of Defendant's racially discriminatory practices, Plaintiff was subjected to extended institutional isolation and denied covered healthcare benefits.

**COUNT IV**
**Supplemental State Claim: Personal Injury and Institutional Negligence**

42. Plaintiff realleges and incorporates by reference all preceding paragraphs.

43. Defendant owed Plaintiff a duty of care to properly manage Plaintiff's health plan, evaluate physical placement needs, and execute competent care coordination to prevent foreseeable physical harm.

44. Defendant breached this duty by failing to intervene, actively stymieing community placement, and causing Plaintiff to suffer profound, preventable physical deterioration and personal injury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, awarding the following relief:

A. Compensatory damages for severe physical injuries, medical expenses, and emotional distress;

B. Compensatory damages in the amount of $20,676.80 for out-of-pocket community transition expenses;

C. Economic damages for out-of-pocket financial losses, including self-funded hotel stays and lost employment opportunities;

D. Punitive damages for Defendant’s reckless, willful, and wanton disregard for Plaintiff’s constitutional and statutory civil rights;

E. Reasonable attorney's fees and costs of litigation should Plaintiff retain counsel, or as otherwise allowed by law; and

F. Such other and further relief as this Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues and causes of action so triable.

Dated: October 26, 2026

Respectfully submitted,

Janice Tupper /s/

*Pro se Plaintiff*
301 Village Drive, Apt. 483
King of Prussia, Pennsylvania 19406
(908) 875-4644
janice@nyc-lp.com

# EXHIBIT A

Janice Tupper

**SUBMITTED VIA NJAppealsandGrievances@AETNA.com**

July 22, 2026

Aetna Better Health® of New Jersey
Attn: Grievance and Appeals
5801 Postal Road
Cleveland, OH 44181

**RE: FORMAL POST-SERVICE INTERNAL APPEAL, MANDATORY DISABILITY TRANSITION FAILURE, AND DEMAND FOR FULL RETROACTIVE FINANCIAL REIMBURSEMENT**
**Medicaid/Aetna Member ID Number:** 072087981001
**Date of Birth:** October 26, 1969

To the Grievance and Appeals Review Board:

Please accept this letter as a formal post-service internal appeal and grievance against Aetna Better Health of New Jersey. This appeal is filed due to Aetna's continuous, systematic failure to execute my Managed Long-Term Services and Supports (MLTSS) community transition plan. This institutional delay persisted from September 2023 until February 10, 2026, directly violating my rights under federal Medicaid law, the Americans with Disabilities Act (ADA), and the Olmstead v. L.C. Supreme Court mandate.

Because of Aetna's severe and prolonged administrative delays, I was left with no choice but to self-fund my federally protected right to community integration. I am demanding a full compensatory remedy and retroactive reimbursement in the total amount of **$20,676.80** for out-of-pocket expenses incurred due to your non-performance.

**I. FACTUAL BACKGROUND AND TIMELINE OF NON-PERFORMANCE**

- **September 2023:** I was a 54-year-old, fully cognizant, and healthy individual residing in an assisted living facility. At this time, I formally requested community transition assistance under my MLTSS benefits. My medical eligibility and desire to transition were clearly documented and known to Aetna and its case management staff.
- **September 2023 to February 2026:** For a period of nearly 30 months, Aetna failed to provide the necessary transition services, home care coordination, or administrative approvals required to facilitate my move. I attempted to transition on my own 4 times prior to my 5th successful attempt, but each time failed. **I was forced to re-institutionalize each time directly due to Aetna's failures.**

Janice Tupper

- **Resulting Harms:** As a direct result of being trapped in an inappropriate, hospice-like institutional setting against my express will, I suffered severe physical degradation, muscle wasting, and profound emotional and psychological distress while confined to a wheelchair.
- **February 2026:** To halt my ongoing physical deterioration, I was forced to use my personal, private funds to secure housing, community setup costs, and independent care aides to escape the facility.

**II. FEDERAL AND STATE LEGAL VIOLATIONS**

Aetna's failure to act violates the core mandates of the New Jersey MLTSS program and federal law:

1. **The Medicaid Act (42 U.S.C. § 1396a(a)(8)):** Requires that Medicaid medical assistance be furnished with "reasonable promptness" to all eligible individuals. A delay spanning multiple years directly breaches this statutory duty.
2. **The Olmstead Mandate & The ADA:** Unjustified institutional isolation of individuals with disabilities constitutes illegal discrimination. Aetna willfully withheld the exact transition mechanisms designed to prevent this isolation.

**III. STATEMENT OF FACTS AND CHRONOLOGY OF TRANSITION FAILURE**

Appellant hereby demands that Aetna Better Health of New Jersey review the attached ledger of losses, itemized receipts and bank statements immediately to approve a retroactive compensatory payment of **$20,676.80** to reimburse my out-of-pocket transition costs.

Appellant repeatedly requested transition assistance and Community Transition Services (CTS) from her Aetna MLTSS Care Managers to facilitate a move out of assisted living. Aetna failed to provide the necessary service plan development, fiscal coordination, or housing supports, leaving the Appellant stranded in a restrictive institutional environment.

Due to Aetna's administrative abandonment, the Appellant was forced to attempt self-directed transitions out of the facility on four prior occasions, fleeing to temporary hotel lodging. However, because Aetna failed to authorize mandatory MLTSS move-in funds, Appellant exhausted her limited personal funds during these crisis situations and was forced to return to the institutional assisted living facility each time. These repeated returns were involuntary re-institutionalizations caused entirely by Aetna's failure to provide contractually mandated CTS benefits.

In **February 2026**, after painstakingly saving enough personal funds to overcome the financial barriers Aetna refused to lift, the Appellant successfully executed a permanent transition to independent private living in Pennsylvania. The Appellant used her entire personal savings to escape institutionalization and secure her civil rights.

**651 Montgomery Glen Drive, Apt. 315, Lansdale, Pennsylvania 19446**
**janice@nyc-lp.com | 908.875.4644**

# Janice Tupper

Appellant demands full retroactive financial reimbursement for the following legally covered, non-recurring transition expenses incurred during the successful February 2026 relocation (receipts attached):

- **Security Deposit (February 2026): $3,422.00** *(Covered under MLTSS CTS)*
- **Essential Household Furniture: $3,095.05** *(Covered under MLTSS CTS)*
- **Relocation Transportation/Moving Costs: $950.54** *(Covered under MLTSS CTS)*
- **TOTAL: $7,467.59**

Appellant also seeks compensation for **Attempted transitions:**

- **Temporary Housing: $8,163.99**
- **Transportation and nourishment: $1,042.74**
- **Storage fees: $4,002.48**
- **TOTAL: $13,209.21**

**TOTAL DEMAND FOR REIMBURSEMENTS: $20,676.80**

Note that this administrative appeal is filed solely to exhaust my mandatory administrative remedies regarding financial reimbursement. Win or lose, this process is building an official legal record. Once completed, I intend to pursue full civil litigation against Aetna Better Health of New Jersey in the New Jersey State Superior Court for personal injury, bad faith breach of insurance contract, and severe physical and emotional tort damages resulting from my prolonged, wrongful confinement, and intentional infliction of emotional distress.

Per New Jersey administrative regulations, I look forward to receiving your written decision within thirty (30) calendar days.

Very truly,

Janice Tupper

Janice Tupper

**Enclosures:**

- *Timeline*
- *Ledger of Losses*
- *Emails (from May 2025 –extensive emails prior to then were lost due to a damaged computer)*
- *Amazon Receipts*
- *Bank statements*
- *Hudson Estate security deposit receipts*

**651 Montgomery Glen Drive, Apt. 315, Lansdale, Pennsylvania 19446**
**janice@nyc-lp.com | 908.875.4644**